UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA WILLIAMS-CARTER, | No. 2:13-cv-1744-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

On August 23, 2013, plaintiff, then represented by counsel, commenced this action seeking judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act").[1]  On February 18, 2014, the Commissioner filed an answer and lodged the administrative record.  (ECF Nos. 10, 11.)

After the court granted plaintiff two extensions to file an opening motion for summary judgment, plaintiff's former counsel filed a motion to withdraw as counsel for plaintiff on June 5, 2014.  (ECF No. 16.)  The court, after conducting a hearing, ultimately granted the motion to

---

[1] This action was initially referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes.  (ECF Nos. 28, 29.)

1

withdraw on August 8, 2014, but provided plaintiff until October 13, 2014, to obtain new counsel, if she so desired, and file a motion for summary judgment, either with the assistance of new counsel or proceeding without counsel. (ECF No. 26.)

Subsequently, on October 9, 2014, plaintiff filed a "request for voluntary remand," attaching what plaintiff claimed to be new medical evidence outside the administrative record. (ECF No. 27.) Plaintiff did not file a motion for summary judgment. Nevertheless, in light of plaintiff's *pro se* status, and the court's desire to resolve the action on the merits, the court liberally construed plaintiff's October 9, 2014 filing as both a request for voluntary remand directed to the Commissioner and a motion for summary judgment. (ECF No. 30.) Accordingly, on November 13, 2014, the court issued the following order:

> Within seven (7) days of this order, the Commissioner shall file a brief statement advising the court whether or not it stipulates to a voluntary remand of the action. In the event that the Commissioner does not agree to a voluntary remand of the action, the court construes plaintiff's October 9, 2014 filing as a motion for summary judgment, and the Commissioner shall file any opposition to that motion and cross-motion for summary judgment no later than December 18, 2014. Such opposition shall specifically address the impact, if any, of the new evidence submitted by plaintiff within the applicable legal framework. Plaintiff may, but need not, file a reply to the Commissioner's opposition no later than January 8, 2015.

(Id.)

That same day, the Commissioner notified the court that it declined to stipulate to a voluntary remand of the action, and that it would oppose plaintiff's motion for summary judgment. (ECF No. 31.) On December 15, 2014, the Commissioner filed an opposition to plaintiff's motion for summary judgment and a cross-motion for summary judgment. (ECF No. 32.) Thereafter, on December 19, 2014, plaintiff filed a reply to the Commissioner's opposition and cross-motion for summary judgment. (ECF No. 33.) The case was then submitted for decision on the record and written briefing.

After carefully considering the parties' briefing, the administrative record, and the applicable law, the court DENIES plaintiff's motion for summary judgment and GRANTS the Commissioner's cross-motion for summary judgment, for the reasons outlined below.

## I. BACKGROUND

Plaintiff was born on October 12, 1960, has some college education, is able to communicate in English, and previously worked primarily as a driver/dispatcher in the transportation industry.[2] (Administrative Transcript ("AT") 36, 91, 103, 251-53.) On March 21, 2011, plaintiff applied for DIB, alleging that her disability began on May 29, 2010, and that she was disabled primarily due to "[d]egenerating back disease/chronic back pain." (AT 15, 91, 103, 252.) On May 26, 2011, the Commissioner determined that plaintiff was not disabled. (AT 15, 116-20.) Upon plaintiff's request for reconsideration, that determination was affirmed on August 30, 2011. (AT 15, 125-30.) Thereafter, plaintiff requested a hearing before an administrative law judge ("ALJ"), which ultimately took place on July 24, 2012, and at which plaintiff, represented by an attorney, and a vocational expert ("VE") testified. (AT 15, 26-82.)

In a decision dated December 5, 2012, the ALJ determined that plaintiff had not been under a disability, as defined in the Act, from May 29, 2010, the alleged disability onset date, through the date of the ALJ's decision. (AT 15-21.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on July 18, 2013. (AT 1-6.) Thereafter, plaintiff filed this action in federal district court on August 23, 2013, to obtain judicial review of the Commissioner's final decision.

## II. ISSUES PRESENTED

Liberally construed, plaintiff's motion for summary judgment seeks a remand under sentence six of 42 U.S.C. § 405(g) for administrative consideration of new medical evidence outside of the present administrative record—in particular, a September 26, 2014 report and functional assessment prepared by plaintiff's long-time primary care provider, Dr. John D. Warbritton. (See ECF No. 27.) Therefore, the issue is whether Dr. Warbritton's report provides a proper basis for a sentence six remand under the applicable law.

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical history, the court does not exhaustively relate those facts herein. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

3

III.   STANDARD OF REVIEW

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV.   DISCUSSION

   A.   Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to DIB pursuant to the Commissioner's standard five-step analytical framework.[3] As an initial matter, the ALJ found that plaintiff met the insured

---

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past relevant work? If so, the

1  status requirements of the Act through December 31, 2016.  (AT 17.)  At the first step of the

2  sequential evaluation, the ALJ concluded that plaintiff had not engaged in substantial gainful

3  activity since May 29, 2010, the alleged disability onset date.  (Id.)  At step two, the ALJ

4  determined that plaintiff had the following severe impairment:  mild lumbar spondylosis and

5  arthropathy.  (Id.)  However, at step three, the ALJ determined that plaintiff did not have an

6  impairment or combination of impairments that met or medically equaled the severity of an

7  impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Id.)

8       Before proceeding to step four, the ALJ concluded that plaintiff had the residual

9  functional capacity ("RFC") to perform the full range of light work as defined in 20 C.F.R. §

10  404.1567(b).  (AT 18.)  At step four, the ALJ determined that plaintiff was capable of performing

11  past relevant work as a dispatcher, as that work is generally performed in the national economy.

12  (AT 20.)  In light of that determination, the ALJ found it unnecessary to proceed to step five of

13  the sequential evaluation process.

14       Accordingly, the ALJ concluded that plaintiff had not been under a disability, as defined

15  in the Act, from May 29, 2010, plaintiff's alleged disability onset date, through the date of the

16  ALJ's decision.  (AT 20.)

17       B.    Analysis of the Issues Raised By Plaintiff

18       The sole issue raised in plaintiff's "request for voluntary remand," construed as a motion

19  for summary judgment, is whether the case should be remanded under sentence six of 42 U.S.C. §

20  405(g) for administrative consideration of Dr. Warbritton's September 26, 2014 report, presented

21  for the first time to this court.  (ECF No. 27.)

---

claimant is not disabled.  If not, proceed to step five.

Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

     The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

5

Sentence six of 42 U.S.C. § 405(g) provides, in part, that: "The court may…at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding…." 42 U.S.C. § 405(g). "Thus, a so-called 'sentence-six remand' may be ordered 'where new, material evidence is adduced that was for good cause not presented before the agency.'" Gibb v. Comm'r of Soc. Sec., 420 Fed. App'x 767, 768 n.1 (9th Cir. 2011) (quoting Shalala v. Schaefer, 509 U.S. 292, 297 n.2 (1993)). "To be material under section 405(g), the new evidence must bear directly and substantially on the matter in dispute" and the claimant "must additionally demonstrate that there is a reasonable possibility that the new evidence would have changed the outcome of the administrative hearing." Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001). "To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier." Id. at 463; see also Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985) ("If new information surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding, the good cause requirement is satisfied").

In this case, plaintiff has not shown that Dr. Warbritton's report is material for purposes of 42 U.S.C. § 405(g). In his report, Dr. Warbritton stated that plaintiff may be able to perform a clerical, administrative position that would allow her to sit or stand at will, and would not require a frequent or prolonged use of a computer. (ECF No. 27 at 4.)[4] As an initial matter, Dr. Warbritton points to no medical evidence or other clinical findings to support the computer use limitation, which also appears inconsistent with another statement in his report that plaintiff was "able to use a computer keyboard on an intermittent frequent basis as well as a mouse." (Id.)

---

[4] Dr. Warbritton also indicated that it was his understanding that plaintiff, in light of her work experience and educational level, did not qualify for such potential clerical, administrative jobs. (ECF No. 27 at 4.) However, apart from the lack of any reasoning or rationale in support, that opinion is also outside the expertise of Dr. Warbritton, who is a medical expert and not a vocational expert qualified to provide a vocational opinion based on plaintiff's education and work experience. As such, the court concludes that the ALJ would have given Dr. Warbritton's opinion in that regard little, if any, weight.

1  Furthermore, at the administrative hearing, the VE testified that, even with a functional limitation
2  requiring alternating positions between sitting, standing, and walking, plaintiff would still be able
3  to perform her past relevant work as a dispatcher as it is generally performed, albeit with some
4  erosion of the occupational job base.  (AT 20, 64-67, 72-74.)  As such, plaintiff has not
5  demonstrated that there is a reasonable possibility that Dr. Warbritton's report would have
6  changed the outcome of the administrative decision.

7  Moreover, even assuming, for the sake of argument, that Dr. Warbritton's report was new
8  and material evidence, plaintiff fails to show good cause for not having presented it to the
9  Commissioner in the administrative proceedings below.  Curiously, at the July 24, 2012
10  administrative hearing, plaintiff's attorney specifically requested an extension of time to submit
11  an RFC assessment by Dr. Warbritton, which the ALJ granted.  (AT 71, 78-81.)  However, no
12  such assessment by Dr. Warbritton was ever submitted prior to the ALJ's December 5, 2012
13  decision, or even prior to the Appeals Council's July 18, 2013 denial of review.  In short, plaintiff
14  provides no adequate explanation for why she did not solicit a report from Dr. Warbritton earlier
15  than September 26, 2014.[5]  Thus, the requisite good cause for a sentence six remand has not been
16  shown.

17  Finally, to the extent that plaintiff attempts to raise new arguments concerning the record
18  evidence for the first time in her reply brief, such issues are waived.  See United States v. Romm,
19  455 F.3d 990, 997 (9th Cir. 2006) ("[A]rguments not raised by a party in its opening brief are
20  deemed waived."); Cedano-Viera v. Ashcroft, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) ("[W]e
21  decline to consider new issues raised for the first time in a reply brief."); Assoc. of Irritated
22  Residents v. C&R Vanderham Dairy, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006) ("It is
23  inappropriate to consider arguments raised for the first time in a reply brief.").  Although the

---

[5] In her reply brief, plaintiff contends that she did not have the funds to pay for a medical report from Dr. Warbritton.  (ECF No. 33.)  However, that argument is unpersuasive, because plaintiff was represented by an attorney at the administrative level, who could have advanced the expenses associated with a medical report subject to later repayment; could have requested the ALJ to obtain an assessment from Dr. Warbritton or to subpoena his testimony at a supplemental hearing; or at least could have requested a further extension of time to submit a report to the ALJ or the Appeals Council.  Instead, nothing was done.

court liberally construes the pleadings and filings of a *pro se* litigant, it cannot address issues improperly raised in a reply brief, and to which the Commissioner has not had a meaningful opportunity to respond.  In any event, a review of such issues indicates that they are insubstantial and inconsequential to the ultimate non-disability determination, and thus do not merit any further consideration.

V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 27) is DENIED.

2. The Commissioner's cross-motion for summary judgment (ECF No. 32) is GRANTED.

3. Judgment is entered for the Commissioner.

4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated:  January 26, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE